Brian H. Mahany – WI Bar: 1065623
MAHANY LAW
8112 West Bluemound Road
Suite 101
Wauwatosa, WI 53213
Telephone: (414) 258-2375
E-mail: brian@mahanylaw.com

John Bruster "Bruse" Loyd – TX Bar: 24009032
Jones, Gillaspia & Loyd
4400 Post Oak Pkwy, Ste. 2360
Houston TX 77027
Telephone: 713-225-9000
bruse@jgl-law.com

Joseph M. Tully – CA Bar: 201187
Tully & Weiss Attorneys at Law
713 Main Street
Martinez, CA 94553
Telephone: (925) 229-9700
Joseph@Tully-Weiss.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| ANNE CANNON, AND ALL OTHERS SIMILARLY SITUATED, <br><br>*Plaintiffs*, <br><br>v. <br><br>TELE PAY USA, <br><br>*Defendant*. | Civil Action <br> FILE NO:_____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES PLAINTIFF, Anne Cannon ("Cannon" or "Plaintiff"), and all others similarly situated, and complains of Defendant TELE PAY USA ("Tele Pay" or "Defendant") and for cause of action would show the Court as follows:

## I. INTRODUCTION

1. Women are a core part of both the national and global economy. Unfortunately, the abuses and financial exploitation they experience often remain invisible. This is especially true for workers in female-dominated sectors of the economy such as sex talk workers. They are hidden from the public eye.

2. Plaintiff, and all others similarly situated, are current and former employees of national telephone sex-talk purveyor, Tele Pay. Virtually all the sex talk workers employed by Defendant are women.

3. This is a collective action suit, brought by Plaintiff, on behalf of herself and all others similarly situated, to recover unpaid minimum hourly wages and compensation, unpaid overtime wages, and other compensation, including but not limited to wages for hours worked but not recorded or paid ("off-the-clock" work) brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

4. Through a pattern of intentional manipulation and exploitation, Plaintiff and other sex talk workers are often paid as little as $4.20 per hour, a sum well below the national minimum wage. Defendant tells workers they can earn more but as soon as a worker reaches certain call thresholds needed to earn more, Tele Pay manipulates the compensation process to insure that their workers remain underpaid. While the Defendant can earn as much as $300.00 per hour based on a worker's labor, Plaintiff and others earn below the minimum wage.

5. This action seeks equitable relief, compensatory and liquidated damages, attorneys' fees, taxable costs of court, and post-judgment interest for Defendant's willful failure to pay a minimum hourly rate as required by law, failure to pay overtime wages and compensation and failure to pay wages and compensation, including overtime pay, for hours worked, but not recorded or paid, pursuant to 29 U.S.C. § 216(b) for Plaintiff Anne Cannon, and all others similarly situated, in the course of their employment with the Defendant.

6. Anne Cannon and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

7. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## II. JURISDICTION AND VENUE

8. Plaintiff Anne Cannon, on behalf of herself and the Plaintiff's class, brings this action to recover unpaid overtime wages and compensation and for wages and compensation earned, but not paid, by the Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

9. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331.

10. Venue is proper in the Central District of California under 28 U.S.C. § 1391 as Defendant is headquartered in this judicial district.

## III. PARTIES

11. Plaintiff Anne Cannon is a resident of Orlando, Orange County, Florida.

12. At all material times, Plaintiff was an individual employee for the Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203.

13. Defendant has employed Plaintiff Anne Cannon from 2008 to the present as an actor in its telephone sex-talk business.

14. Members of the Plaintiff Class are current and former employees of Defendant who work, or have worked, as actors in its telephone sex-talk business.

15. Tele Pay is a California for profit domestic business corporation who may be served with service of process through its Registered Agent of record, LEGALZOOM.COM, INC., 101 North Brand Blvd., 11th Floor, Glendale, CA 91203.

16. At all times relevant hereto, Tele Pay was an employer and a covered enterprise as those terms are defined in the FLSA.

17. Defendant is Plaintiff's employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## IV. CLASS ALLEGATIONS

18. Plaintiff Anne Cannon files this case as an opt in collective action, as is specifically allowed by 29 U.S.C. § 216(b).

19. The class that Plaintiff Anne Cannon seeks to represent may be described as follows:

> All current and former employees and contractors of Defendant who 1) worked as telephone actors during the class period, and 2) claims that he or she either (a) failed to be paid a lawful minimum hourly wage, (b) failed to receive all of his or her overtime pay, in violation of 29 U.S.C. 201 *et seq.* and seeks payment for such lawfully earned overtime pay, and/or (c) failed to receive all of his or her compensation for work performed, but not recorded or paid ("off-the clock"), in violation of 29 U.S.C. 201 *et seq.*

20. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 *et seq.*

21. For purposes of this action, the relevant period is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

22. Plaintiff, Anne Cannon, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt in to this action, have provided consent in writing to be represented by counsel for Plaintiff as required by 29 U.S.C. § 216(b).

23. Those persons who choose to opt in, referred to as the "Plaintiff's class," will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

24. Plaintiff Anne Cannon contends that this action is appropriate for collective action status because Defendant has acted in the same manner with regard to all members of the Plaintiff's class.

## V. FACTS

25. Tele Pay portrays itself as a "Booking Agent" offering its services to actors who seek to provide "entertainment services." Tele Pay's purported service is to "negotiate and book engagements"

for the actors, the engagement being a telephone call between the customer seeking telephone sex-talk services and the actors, the call being initiated by the customer in response to Defendant's advertisements.

26. There is no negotiation and Tele Pay does not book engagements. Plaintiff is an employee of Tele Pay, hired to field calls on its telephone sex chat lines and engage in sexually explicit talk for a fee paid directly to Tele Pay by its customer.

27. Plaintiff works from home. She is required by Tele Pay to keep a land-line telephone in her home. She is required by Tele Pay to stay in her home, within reach of her personal computer and land-line telephone, for certain periods of time so that she is available to field calls from Tele Pay's customers.

28. In a typical week, Plaintiff fields dozens of calls and maintains a weekly call average of 6 minutes per call. At that pace, Plaintiff is paid at the rate of 10 cents per talk minute, or $6.00 an hour, well below state and federal minimum wage rates.

29. Frequently, when Plaintiff fields the required calls, the length of her calls fall below an average of 6 minutes per call, which drops her hourly income to 7 cents per minute, further eroding her hourly rate to $4.20 per hour.

30. While Plaintiff and other sex talk workers get paid as little as 7 cents per minute, Defendant charges callers $5.00 per minute. Plaintiff does not set the rates charged to callers. Those rates are set solely by Defendant.

31. Plaintiff's average hourly rate is below $6.00. The minimum wage for the state of Florida, the state in which she works, is $8.10 per hour. Anywhere in the nation, the average amount received by Ms. Cannon is far below the allowed national or state minimum wage.

32. Other factors beyond Plaintiff's control determine her hourly rate, factors dictated and enforced by Tele Pay's Draconian measures designed to suppress her hourly pay rate. For example, even if a call lasts only seconds and is never verified as a legitimate call from a customer seeking Tele Pay's

services, it is included in her average call length calculation. This includes prank callers, dropped calls, technical errors, or even silent calls where no caller can be established.

33. In addition to imposing arbitrary guidelines designed to suppress Plaintiff's hourly rate, Tele Pay intentionally makes it difficult, if not impossible, for Plaintiff to track her time and insure that she is being paid properly. Tele Pay makes sure that Plaintiff cannot see a real time estimate of what her day's average call time is until the following day when averages are calculated and posted on www.icminutes.com. On information and belief, the statistics listed on this site are just an "estimate" and that the final calculations are done on Sunday, at the end of the work week. Therefore, it is impossible for any actor to have an accurate accounting of their job performance and pay.

34. As further evidence of the employer-employee relationship between Plaintiff and others similarly situated, are the meetings convened by Tele Pay. At these meetings, "Don" gives the employees pointers on what to say on calls and how to keep their average up. He reminds them repeatedly, cajoling them over and over with the telephone sex talk mantra - "Remember, it's not HOW MANY calls you take, but HOW LONG you keep these guys on the phone!"

35. Tele Pay micro manages its employees (so called "actors"). It controls all aspects of each call, even ordering that the calls be answered on the first ring, stressing how very important it is to pick up after the first ring or face termination. Tele Pay dispatch conducts tests almost daily to make sure the actors are answering on the first ring.

36. On a daily basis, the actors' email is spammed with several emails from Tele Pay with titles such as "Calls Coming in like Crazy! Log-In Now!"

37. Cannon does not have her own business of any type.

38. During the time she worked for Tele Pay, Cannon has not held any other positions.

39. The actors use Tele Pay computer equipment and software to perform their duties of employment.

40. Defendant is solely responsible for advertising and supplying the phone numbers for customers.

41. Defendant is also solely responsible for billing those customers. Plaintiff and other sex talk workers have no discretion as to rates, advertising, billing or other business decisions typically associated with independent contractors.

42. Defendant did not and does not provide time sheets or a time clock for the actors to track their time accurately.

43. During Plaintiff's employment with Defendant, Plaintiff has been required to work overtime hours in excess of 40 hours worked per week.

44. Plaintiff has often worked in excess of 40 hours per week during her employment with the Defendant.

45. Defendant required Plaintiff and all others similarly situated to perform work which routinely required them to work overtime hours as defined by 29 U.S.C. § 201 *et seq.*, for which they failed to receive overtime compensation as required by the Act.

## VI. FIRST CLAIM FOR RELIEF

**Failure to compensate for "off-the-clock" work**

46. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

47. Plaintiff Anne Cannon and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, as well as by the administrative regulations used to interpret the Act.

48. Defendant failed to compensate Plaintiff, and all others similarly situated, their entitled pay for all hours they worked in a workweek.

49. Defendant has failed to make good faith efforts to comply with the FLSA, and has willfully and deliberately sought to evade the requirements of the federal statute.

50. Defendant has violated the FLSA by misclassifying employees as independent contractors and in failing to pay them overtime premiums for all hours worked in excess of 40 each work week.

51. Defendant has failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

52. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

53. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated for hours worked, but not recorded or paid in a workweek.

54. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding compensation due to Plaintiff and to all others similarly situated for hours worked, but not recorded or paid.

55. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendant until the date of trial.

56. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII. SECOND CLAIM FOR RELIEF

### Unpaid overtime compensation under the FLSA

57. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

58. Plaintiff Anne Cannon and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, as well as by the administrative regulations used to interpret the Act.

59. Plaintiff Anne Cannon and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

60. Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

61. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to compensate the Plaintiff and all other similarly situated employees overtime pay for all hours worked in excess of 40 hours per week.

62. Defendant has failed to make good faith efforts to comply with the FLSA, and has willfully and deliberately sought to evade the requirements of the federal statute.

63. Defendant has failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

64. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

65. No lawful exemption excused the Defendant from compensating Plaintiff, and all others similarly situated, overtime pay for hours worked over forty per week.

66. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

67. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendant until the date of trial.

68. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

### VIII.    THIRD CLAIM FOR RELIEF

**Failure to Pay Minimum Wage**

69. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

70. Plaintiff Anne Cannon and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, as well as by the administrative regulations used to interpret the Act.

71. At all relevant times, Defendant failed to pay Anne Cannon and all others similarly situated at the federal minimum wage in violation of the FLSA, 29 U.S.C §§ 201 et seq.

72. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C §255 (a).

73. Due to Defendant's violations, Anne Cannon and others similarly situated have suffered damages and are entitled to receive compensation as required by the FLSA.

74. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

### IX.    FOURTH CLAIM FOR RELIF

**Collective Action Allegations**

75. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

76. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

77. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other workers.

78. Other, similarly situated, employees are being denied their lawful wages.

79. Accordingly, Defendant's pattern and practice of failing to pay the overtime pay (payable at time and one-half) of employees as required by the FLSA results from the Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff's class.

80. Plaintiff Anne Cannon's experience is typical of the experience of the Plaintiff's class as it pertains to compensation.

81. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

82. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

83. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

84. All current and former actors, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay by Defendant for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

85. All current and former actors, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied minimum wage or pay for hour worked by Defendant are properly included as members of the class.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Anne Cannon, and all other similarly situated, respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a. Declare that Defendant has violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to pay Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and by failing to compensate employees for work performed, but not recorded or paid;

b. Order Defendant to pay Plaintiff and all others similarly situated, the difference between what it should have paid for overtime hours Plaintiffs worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.

c. Order Defendant to pay Plaintiff and all others similarly situated, the difference between the applicable minimum wage at the time work was performed and what was actually paid together with an equal amount as to liquidated damages.

d. Order Defendant to pay Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

e. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorneys' fees, awarded against Defendant.

f. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff Anne Cannon, and to all other similarly situated employees of the Defendant.

Plaintiff Anne Cannon, and all other similarly situated, make a formal demand for a jury trial in this matter.

Respectfully submitted,

**THE MAHANY LAW FIRM**

*/s/ Brian H. Mahany*
Brian H. Mahany
Wisconsin State Bar No. 1065623
*pro hac vice forthcoming*
P.O. Box 511328
Milwaukee, Wisconsin 53202
Telephone: 414.258.2375
Facsimile:  414.777.0776
brian@mahanylaw.com

**JONES, GILLASPIA & LOYD LLP**

*/s/ John Bruster Loyd*
John Bruster "Bruse" Loyd

Texas State Bar No. 24009032
*pro hac vice forthcoming*
4400 Post Oak Pkwy, Suite 2360
Houston, Texas 77027
Telephone: 713.225.9000
Facsimile:   713.225.6126
bruse@jgl-law.com


**TULLY & WEISS**

By: /s/    Joseph M. Tully
Joseph M. Tully
Tully & Weiss Attorneys at Law
713 Main Street
Martinez, CA  94553
P: (925) 229-9700
F: (925) 871-5999
Joseph@Tully-Weiss.com


**ATTORNEYS FOR PLAINTIFF
ANNE CANNON**